# KEROTEST MANUFACTURING CO. *v.* C-O-TWO FIRE EQUIPMENT CO.

No. 180.   Argued November 30, 1951.—Decided January 2, 1952.

*Walter J. Blenko* argued the cause for petitioner. With him on the brief were *John F. C. Glenn* and *Aaron Finger*.

*P. Morton Adams* argued the cause for respondent. With him on the brief were *Arthur G. Connolly* and *Edward T. Connors*.

MR. JUSTICE FRANKFURTER delivered the opinion of the Court.

The C-O-Two Fire Equipment Company, the respondent here, owns two patents, one issued on November 23, 1948, and the other reissued on August 23, 1949, for squeeze-grip valves and discharge heads for portable fire extinguishers. C-O-Two, incorporated in Delaware, has offices in Newark, New Jersey. On January 17, 1950, it commenced in the District Court for the Northern District of Illinois an action against the Acme Equipment Company for "making and causing to be made and selling and using" devices which were charged with infringing C-O-Two's patents.

On March 9, 1950, the petitioner Kerotest began in the District Court of Delaware this proceeding against C-O-Two for a declaration that the two patents sued on in the Illinois action are invalid and that the devices which Kerotest manufactures and supplies to Acme, the

Illinois defendant, do not infringe the C-O-Two patents. Kerotest, a Pennsylvania corporation, has its offices in Pittsburgh, but was subject to service of process in Illinois. C-O-Two on March 22, 1950, filed an amendment to its complaint joining Kerotest as a defendant in the Illinois action.

In Delaware, C-O-Two moved for a stay of the declaratory judgment action and Kerotest sought to enjoin C-O-Two from prosecuting the Illinois suit "either as against Kerotest alone, or generally, as [the Delaware District Court might] deem just and proper." The District Court stayed the Delaware proceeding and refused to enjoin that in Illinois, subject to reexamination of the questions after 90 days, 85 U. S. P. Q. 185. On appeal by Kerotest, the Court of Appeals for the Third Circuit affirmed, holding that the District Court had not abused its discretion in staying the Delaware action for 90 days to permit it to get "more information concerning the controverted status of Kerotest in the Illinois suit." 182 F. 2d 773, 775.

During the 90-day period the Illinois District Court allowed the joinder of Kerotest as a defendant, denying a motion by Acme to stay the Illinois proceeding pending disposition of the Delaware suit, and Kerotest made a general appearance. After 90 days both parties renewed their motions in Delaware, with Kerotest this time asking that C-O-Two be enjoined from prosecuting the Illinois suit only as to Kerotest. The District Court, a different judge sitting, enjoined C-O-Two from proceeding in the Illinois suit against Kerotest, and denied the stay of the Delaware action, largely acting on the assumption that rulings by its own and other Courts of Appeals required such a result except in "exceptional cases," since the Delaware action between C-O-Two and Kerotest was commenced before Kerotest was made a defendant in the

Illinois suit. 92 F. Supp. 943. On appeal, the Court of Appeals for the Third Circuit reversed, saying in part:

> ". . . the whole of the war and all the parties to it are in the Chicago theatre and there only can it be fought to a finish as the litigations are now cast. On the other hand if the battle is waged in the Delaware arena there is a strong probability that the Chicago suit nonetheless would have to be proceeded with for Acme is not and cannot be made a party to the Delaware litigation. The Chicago suit when adjudicated will bind all the parties in both cases. Why should there be two litigations where one will suffice? We can find no adequate reason. We assume, of course, that there will be prompt action in the Chicago theatre." 88 U. S. P. Q. 335, 337.

A petition for rehearing was granted and the Court of Appeals, the seven circuit judges sitting *en banc,* in an expanded opinion from which two judges dissented, adhered to the views of the court of three judges. 189 F. 2d 31, 89 U. S. P. Q. 411. Inasmuch as a question of importance to the conduct of multiple litigation in the federal judicial system was involved, we granted certiorari. 342 U. S. 810.

The Federal Declaratory Judgments Act,[1] facilitating as it does the initiation of litigation by different parties to many-sided transactions, has created complicated problems for coordinate courts.[2] Wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems. The factors relevant to wise administration here are equitable in nature. Necessarily, an ample degree of

---

[1] 48 Stat. 955, 28 U. S. C. §§ 2201–2202.

[2] See Developments in the Law—Declaratory Judgments, 1941–1949, 62 Harv. L. Rev. 787, 814–815, 866 (1949).

184

discretion, appropriate for disciplined and experienced judges, must be left to the lower courts. The conclusion which we are asked to upset derives from an extended and careful study of the circumstances of this litigation. Such an estimate has led the Court of Appeals twice to conclude that all interests will be best served by prosecution of the single suit in Illinois. Even if we had more doubts than we do about the analysis made by the Court of Appeals, we would not feel justified in displacing its judgment with ours.[3]

It was strongly pressed upon us that the result below may encourage owners of weak patents to avoid real

[3] Other cases in Courts of Appeals which present at all comparable situations do not show any rigid rule such as that under which the District Court felt constrained. In view of the basis of our decision it would not be profitable to discuss these cases in detail. It will suffice to indicate the concurrent controversies for which adjustment was sought. *Triangle Conduit & Cable Co.* v. *National Elec. Prod. Corp.*, 125 F. 2d 1008 (C. A. 3d Cir.) (suit 1—declaratory action by manufacturer against patentee; suit 2—patentee sues manufacturer and customer for infringement: suit 2 enjoined as to manufacturer); *Cresta Blanca Wine Co.* v. *Eastern Wine Corp.*, 143 F. 2d 1012 (C. A. 2d Cir.) (suit 1—declaratory action by manufacturer against trademark owner; suit 2—trademark owner sues manufacturer and distributor for infringement; thereafter, distributor seeks to intervene as plaintiff in suit 1: intervention denied and suit 2 enjoined as to manufacturer); *Speed Products Co.* v. *Tinnerman Products, Inc.*, 83 U. S. App. D. C. 243, 171 F. 2d 727 (suit 1—A sues Commissioner of Patents in District of Columbia for registration of trademark; suit 2—suit by A in N. Y. against B alone for registration of trademark and for declaration of noninfringement of B's mark; thereafter, B joins as defendant in suit 1 and files counterclaim for infringement of B's mark: suit 2 not enjoined and suit 1 not advanced for trial); *Hammett* v. *Warner Bros. Pictures, Inc.*, 176 F. 2d 145 (C. A. 2d Cir.) (suit 1—alleged copyright owner sues broadcaster for infringement; suit 2—declaratory action by writer for broadcaster against alleged copyright owner; thereafter, writer joined as defendant in suit 1: suit 2 dismissed); *Remington Prod. Corp.* v. *American Aerovap, Inc.*, 192 F. 2d 872 (C. A. 2d Cir.),

tests of their patents' validity by successive suits against customers in forums inconvenient for the manufacturers, or selected because of greater hospitality to patents. Such apprehension implies a lack of discipline and of disinterestedness on the part of the lower courts, hardly a worthy or wise basis for fashioning rules of procedure. It reflects an attitude against which we were warned by Mr. Justice Holmes, speaking for the whole Court, likewise in regard to a question of procedure: "Universal distrust creates universal incompetence." *Graham* v. *United States*, 231 U. S. 474, 480. If in a rare instance a district judge abuses the discretionary authority the want of which precludes an effective, independent judiciary, there is always the "opportunity for corrective review by a Court of Appeals and ultimately by this Court.

The manufacturer who is charged with infringing a patent cannot stretch the Federal Declaratory Judgments Act to give him a paramount right to choose the forum for trying out questions of infringement and validity. He is given an equal start in the race to the courthouse, not a headstart. If he is forehanded, subsequent suits against him by the patentee can within the trial court's discretion be enjoined pending determination of the declaratory judgment suit,[4] and a judgment in his favor bars

December 4, 1951 (suit 1—manufacturer and customer A bring declaratory action against patentee; suit 2—patentee sues customers A, B, C, and D for infringement; thereafter, customer B joins as plaintiff in suit 1: suit 2 enjoined). By endorsing what was in effect an exercise of discretion by the Court of Appeals below upon consideration of the specific circumstances here, we neither approve nor throw doubt upon decisions by it or other Courts of Appeals.

[4] See, *e. g.*, *Crosley Corp.* v. *Westinghouse Elec. & Mfg. Co.*, 130 F. 2d 474 (C. A. 3d Cir.); *Carbide & Carbon Chemicals Corp.* v. *United States Industrial Chemicals, Inc.*, 140 F. 2d 47 (C. A. 4th Cir.); *Independent Pneumatic Tool Co.* v. *Chicago Pneumatic Tool Co.*, 167 F. 2d 1002 (C. A. 7th Cir.).

suits against his customers.[5]   If he is anticipated, the court's discretion is broad enough to protect him from harassment of his customers.   If the patentee's suit against a customer is brought in a district where the manufacturer cannot be joined as a defendant, the manufacturer may be permitted simultaneously to prosocute a declaratory action against the patentee elsewhere.   And if the manufacturer is joined as an unwilling defendant in a *forum non conveniens*, he has available upon an appropriate showing the relief provided by § 1404 (a) of the Judicial Code.   62 Stat. 869, 937, 28 U. S. C. § 1404 (a).[6]

The judgment below must be

*Affirmed.*

THE CHIEF JUSTICE and MR. JUSTICE BLACK dissent.

---

[5] *Kessler* v. *Eldred*, 206 U. S. 285.

[6] It is suggested that Rule 15 (c) of the Federal Rules of Civil Procedure makes the joinder of Kerotest take the date, as it were, of the original action against Acme, which of course preceded the Delaware action.   The equities of the situation do not depend on this argument.