**JOSEPH BANCROFT & SONS CO.,**
Plaintiff-Appellee,

v.

**SPUNIZE CO. OF AMERICA, Incorporated, Defendant-Appellant.**

No. 310, Docket 25519.

United States Court of Appeals
Second Circuit.

Argued May 14, 1959.

Decided July 1, 1959.

Charles J. Nager, Fennelly, Eagan, Nager & Lage, New York City, for defendant-appellant. Melvin S. Katz, Levine & Katz, Hartford, Conn., Henry N. Paul, Jr., Austin R. Miller, Paul & Paul, Philadelphia, Pa., of counsel.

Victor D. Borst, Alan W. Borst, Borst, Leek & Des Marais, New York City, for plaintiff-appellee. Edmond M. Bartholow, Rockwell & Bartholow, New Haven, Conn., of counsel.

Before SWAN, HINCKS and MOORE, Circuit Judges.

SWAN, Circuit Judge.

This is an appeal by defendant, hereafter called Spunize, from an order entered in a declaratory judgment action wherein the plaintiff, hereafter called Bancroft, sought an adjudication that Patent No. 2,715,309 owned by Spunize is invalid. The patent contains only a single claim. This is for a product, namely, a yarn of synthetic resin material whose filaments are crimped in a particular manner.[1] The complaint, filed August 1, 1958, alleges that Bancroft owns or controls numerous patents relating to method and apparatus for the crimping of filament yarn; that it has made license agreements with many yarn manufacturers under which it receives royalty payments; that one of its licensees is The Duplan Corporation, hereafter called Duplan; that on July 11, 1958 Spunize filed suit in the United States District Court for the Middle District of North Carolina charging Duplan with infringement of Patent No. 2,715,309 and that such suit "is a direct attack upon the legality" of Bancroft's outstanding license agreements. Before answering the complaint Spunize moved to dismiss the action or, in the alternative, to transfer it to the Middle District of North Carolina, or to stay it. Thereafter Bancroft moved for an injunction to restrain Spunize from prosecuting its infringement suit against Duplan. The motions were heard on supporting and opposing affidavits. The motions of Spunize were denied and Bancroft's motion was granted. From the order entered December 16, 1958 Spunize has appealed.

Appellant contends that Bancroft's complaint should have been dismissed because there was no "actual controversy" between Bancroft and Spunize, as required by the Declaratory Judgment Act. We think there was an actual controversy between them. Under paragraph 14 of its license agreement with Duplan, Bancroft was obligated to pay the attorneys fees and taxable costs of Duplan in the infringement suit brought by Spunize, and could have intervened therein. Consequently an actual controversy existed between Bancroft and Spunize as to the validity and the infringement by Duplan of Patent No. 2,715,309. The fact that Bancroft elected not to intervene or to control Duplan's defense but only to give advice to Duplan's attorneys, does not, we think, negative the existence of an actual controversy between Bancroft and Spunize. Nor is it material that Spunize had never threatened to sue Bancroft for infringement. Simmonds Aerocessories, Ltd. v. Elastic Stop Nut Corp., 3 Cir., 257 F.2d 485, 490; Technical Tape Corp. v. Minnesota Mining & Mfg. Co., 2 Cir., 200 F.2d 876, 878; Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826. We see no error in the district court's denial of Spunize's motion to dismiss the complaint or the alternative motion to transfer or stay the suit.

But the granting of Bancroft's motion to enjoin *pendente lite* prosecution of the North Carolina suit presents other issues, and we cannot sanction the

---

1. The complete claim reads as follows:
   "A crimped, continuous filament yarn consisting of smoothed surfaced filaments of a synthetic resin material, each filament being formed of permanent, V-shaped, symmetrical crimps, each crimp having straight side portions and a portion connecting the side portions, each side portion being materially longer than the connecting portion and set to about 180° of the longitudinal axis of the yarn."

granting of that motion. The North Carolina suit was properly brought in the only district in which the infringing acts were being committed by Duplan. That court had jurisdiction to determine the validity of Spunize's patent and whether it was being infringed. The suit there would have come to trial in May 1959 if not stayed by the Connecticut injunction. Upon motion of Spunize the North Carolina court might possibly have enjoined *pendente lite* Duplan's continuance of its alleged infringing acts. The Connecticut injunction prevents the making of such a motion, permits Duplan to continue its challenged conduct, and delays any decision in North Carolina until the Connecticut court shall have determined the questions of validity and infringement of the patent. There is nothing to indicate when the Connecticut suit may be expected to be tried. Moreover, if Spunize is correct in its contentions, the Connecticut court cannot grant it the relief to which it is entitled because Duplan is not a party here. Nor could a judgment in the Connecticut suit affect Bancroft's licensees at large since they are not parties here.

Judge Clark thought that the Connecticut suit "must be completely decisive of the underlying issue here, while the North Carolina action cannot be made to be equally decisive and in all probability will not be." Surely, if Bancroft chose to intervene in North Carolina, the judgment there would be decisive as to validity and infringement of the patent. We doubt that Bancroft's own choice to avoid the North Carolina jurisdiction is a sufficient reason to bring into play a discretionary power to enjoin the prior action there pending. Nor are we convinced that the Connecticut suit will be decisive. Bancroft has not been charged with direct infringement of Spunize's patent. Bancroft itself does not make and sell yarns, nor is it in privity with its licensees in the same sense as is a manufacturer with its customers. It does not appear that Bancroft "actively induces" infringement by Duplan so as to make it a contributory infringer

as defined in 35 U.S.C.A. § 271(b). All the complaint alleges, paragraph 10, is that Bancroft is "a participant in and a beneficiary of acts of producing the product alleged to infringe," and the affidavits fall short of showing active inducement to infringe. Indeed, Duplan is not required by its license to make yarn of a synthetic resin material. Most of Bancroft's process patents do not relate to yarns of such material. It is optional with the licensee whether to make yarn of the type charged by Spunize to infringe its patent or to make other yarns of a non-accused type. And as already noted a judgment in the Connecticut court cannot affect Bancroft's licensees at large.

The law seems clear that where two suits are filed in different forums, the first has priority, Penn General Cas. Co. v. Commonwealth of Pennsylvania, 294 U.S. 189, 195, 55 S.Ct. 386, 79 L.Ed. 850; Kline v. Burke Construction Co., 260 U.S. 226, 231, 43 S.Ct. 79, 67 L.Ed. 226; and many Court of Appeals cases cited in Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 184, note 3, 72 S.Ct. 219, 96 L.Ed. 200. There should be no restraint of the prior suit by injunction "except to prevent a manifest wrong or injustice." American Seeding Mach. Co. v. Dowagiac Mfg. Co., 6 Cir., 241 F. 875, 877, and then only if "the same parties as well as the same issues are involved in the two actions," Yale & Towne Mfg. Co. v. Manning, Maxwell & Moore, Inc., D.C.S.D.N.Y., 91 F.Supp. 106, 107, (a condition not met here).

The cases relied on by the appellee deal with quite different situations. In the case at bar there is no suggestion of harassment or multiplicity of suits against customers of manufacturers calling for equitable intervention as mentioned in Kerotest Mfg. Co. v. C-O-Two Co., 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200. Kessler v. Eldred, 206 U.S. 285, 27 S.Ct. 611, 51 L.Ed. 1065, also involved a manufacturer, not a licensor who is not shown to be a contributory infringer.

To deprive Spunize of its right to sue an alleged infringer, where direct and

effective relief can be obtained, is contrary to the decided cases as we understand them. Both the North Carolina suit and the Connecticut suit should be allowed to proceed. The injunction *pendente lite* is reversed.