The **UNITED STATES TIME CORPORA-TION**, a Connecticut corporation, Plaintiff-Appellant,

v.

**HAMILTON WATCH COMPANY**, a Pennsylvania corporation, Defendant-Appellee.

*No. 310, Docket 28572.*

United States Court of Appeals Second Circuit.

Argued Jan. 31, 1964.

Decided Jan. 31, 1964.

John Hoxie, New York City (Eliot S. Gerber, Davis, Hoxie, Faithfull & Hapgood, New York City, Walter F. Torrance, Jr., Carmody & Torrance, Waterbury, Conn., on the brief), for plaintiff-appellant.

Robert E. LeBlanc, LeBlanc & Shur, Washington, D. C. (Richard A. Whiting, Steptoe & Johnson, Washington, D. C., William L. F. Felstiner, Gumbart, Corbin, Tyler & Cooper, New Haven, Conn., on the brief), for defendant-appellee.

Before LUMBARD, Chief Judge, and WATERMAN and MARSHALL, Circuit Judges.

PER CURIAM.

We affirm in open court the order of the district court. The question for decision is whether the district judge properly exercised his discretion in denying plaintiff's motion for a preliminary injunction to enjoin the defendant from prosecuting in the District of Maryland a suit against a customer of the plaintiff for infringement of certain of the defendant's patents, and from commencing any like action against any other customer of the plaintiff. The Maryland suit had been commenced on April 17, 1963, twelve days before the plaintiff brought this action in the District of Connecticut for a declaratory judgment that the defendant's patents are invalid and are not infringed by the plaintiff's Timex watches.

We hold that under all the circumstances Judge Timbers acted well within his discretion in denying the plaintiff's motion for a preliminary restraining order. His findings of fact are based upon a statement of facts stipulated to by the parties. Plaintiff, a Connecticut corporation, and defendant, a Pennsylvania corporation, are both engaged in the manufacture and sale of electric watches.

On January 25, 1961, Hamilton Watch Company advised United States Time Corporation by mail that the electric watch imported by United States Time from Germany infringed several of Hamilton's patents. Meetings held during 1961 and 1962 between representatives of the companies produced no agreement.

On April 17, 1963, Hamilton commenced an action against The Read Drug and Chemical Company in the District of Maryland, charging infringement of Hamilton's patents by virtue of Read's sales of the Timex watch. Read's operates a chain of retail stores in the Baltimore area and is one of the largest retailers of Timex watches in that area. Hamilton states that it chose to sue Read's "in order to have an action against a financially substantial retailer in the convenient Baltimore forum." Hamilton also states that it was aware that United States Time could intervene and take over the defense in the Maryland action. United States Time has taken neither of these steps.

Hamilton has also instituted actions in Canada and West Germany against United States Time's wholly-owned Canadian and German subsidiaries charging infringement of three Canadian patents and three corresponding German patent applications. No decisions have as yet been rendered in these actions.

 Hamilton clearly enjoys the right, as the holder of United States patents, to institute suit against a retailer offering for sale a device which allegedly infringes those patents. Moreover, since Hamilton's suit was commenced prior to United States Time's declaratory judgment action, and since Judge Timbers could properly find that no injustice will be done to United States Time by the continuation of the Maryland action and that Hamilton is not harassing United States Time's customers, it was well within Judge Timbers' discretion to deny United States Time's motion for a preliminary restraining order. Joseph Bancroft & Sons Co. v. Spunize Co. of America, 268 F.2d 522 (2 Cir. 1959); Kero-

**340**

test Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952); Sundstrand Corp. v. American Brake Shoe Co., 315 F.2d 273 (7 Cir. 1963).

The order of the district court is therefore affirmed.