CERVECERIA INDIA, INC., Plaintiff,

v.

UNION INDEPENDIENTE DE TRABA-
JADORES DE LA CERVECERIA
INDIA, INC., Defendant.

Civ. No. 77–1267.

United States District Court,
D. Puerto Rico.

Oct. 3, 1977.

---

Pedro Pumarada, Fiddler, González & Rodríguez, San Juan, P.R., for plaintiff.

E. Alcaraz Michelli, Mayaguez, P.R., for defendant.

## OPINION AND ORDER

TOLEDO, Chief Judge.

This is an action brought pursuant to the jurisdictional provision of Title 29, United States Code, Section 185. Plaintiff alleges a violation of a collective bargaining agreement between an employer and a labor organization representing employees of an industry affecting commerce within the meaning of Section 301(a) of the Labor Management Relations Act, (Title 29, United States Code, Section 185).

Plaintiff is a Puerto Rican corporation engaged in the manufacture and distribution of beer under the name of "India" and is, indeed, an employer within the meaning of Section 301. Defendant is a labor organization within the meaning of the above mentioned statute, and is the exclusive collective bargaining representative of employee members who are employed by plaintiff in Puerto Rico in the production of the India beer.

The facts which give rise to this case can be succinctly stated. In 1973, plaintiff established an inspection system whereby all bags, vehicles, and packages carried by the company's employees were to be inspected by plant guards. Refusal from submitting to such inspection would result in not being allowed to enter the plant. Under the provisions of the collective bargaining agreement then in effect, the Union sought to have the validity of the "inspection system" arbitrated. After the arbitration process concluded in 1973, the arbiter rendered an award wherein he concluded that the company did not have the authority, under the collective bargaining agreement, to establish said inspection system. On July 11, 1974, the Supreme Court of Puerto Rico enforced the award and ordered plaintiff to comply with it.

On September 1, 1977, plaintiff put into effect an inspection rule very similar to that adopted in 1973. By this later date, the collective bargaining agreement in effect in 1973 had expired. A new one had been put into effect by the parties with identical clauses for arbitration, no "lockout" and "no strike".

When the union employees refused to comply with the inspection rule, which refusal was directed by the Union, a work stoppage ensued inasmuch as the guards refused to let the employees enter without having complied with inspection procedures.[1] Plaintiff filed the present action before this Court and sought an injunction under the doctrine of *The Boys Market, Inc. v. Retail Clerks Union,* 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970). A Temporary Restraining Order was issued by this Court whereby defendant, Union Independiente, and its member employees, and agents, were enjoined and restrained from authorizing or participating in the work stoppage.

After the Temporary Restraining Order was extended for a second period of ten days, the parties agreed to submit their respective contentions as to the issuance of a preliminary injunction by way of sworn statements and memoranda. This having been duly done, the matter stands now submitted for our consideration.

## ANALYSIS

The issue before us now is whether we should provide the injunctive relief sought by plaintiff under the doctrine of *The Boys Market, Inc. v. Retail Clerks Union,* supra.

The parties have done very well in arguing their respective positions. The doctrines of labor law are clearly discussed and well presented. However, our reading of

---

1. At this moment we issue no opinion as to the existence of a "strike".

the *Boys Market* decision and preeminent concerns of federalism lead us to conclude that we lack jurisdiction in the present case.

In *Boys Market,* the Supreme Court held that Federal courts are not precluded by the *Norris-La-Guardia Act,* Title 29, United States Code, Sections 101–15, from issuing injunctions against strikes in violation of collective bargaining agreements where the dispute is one which is subject to a mandatory grievance or arbitration procedure. The prerequisites for the issuance of injunctive relief under *Boys Market* are: (a) the strike must be over an arbitrable issue; (b) the injunction must be conditioned on arbitration of the underlying dispute; (c) a strike in breach of the contract must be occurring or be imminent; (d) the strike causes or will cause irreparable injury to the employer and, finally, (e) ordinary principles of equity favor the issuance of an injunction.

Each party has done its best to argue that the situation present herein falls within or without the doctrine of *Boys Market.*

However, there is a fact in this case which mandates our conclusion. In its answer to the complaint defendant averred, and plaintiff has not subsequently denied, that on September 2, 1977, defendant Union filed before the Supreme Court of Puerto Rico a request that Cervecería India, Inc. be ordered to show cause why it should not be held in contempt for disobeying the order of July 11, 1974. It is also therein stated that a request has been made from the Puerto Rico Supreme Court that, pending the final determination of the request to show cause, Cervecería India be enjoined from requiring that Union members submit their packages for inspection as a condition to be admitted to work.

We find that there is an ongoing judicial process pending before the Highest Court of the Commonwealth of Puerto Rico. And, under the provisions of Title 29, Laws of Puerto Rico Annotated, Section 70(2)(c),

that Court has the powers to issue such temporary remedies as it may see fit to preserve the justiciability of a controversy. (See: e. g. 29 LPRA 70(2)(a)). We also find that the resolution of the Union's request that India show cause why it should not be held in contempt for disobeying the order of July 11, 1974, of the Puerto Rico Supreme Court, will decide the issues raised herein.[2]

We deem it most advisable in the exercise of our discretion, to refrain from assuming jurisdiction in the present case. Our determination rests on considerations of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.,* 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952); *Columbia Plaza Co. v. Security National Bank,* 173 U.S.App.D.C. 403, 525 F.2d 620 (1975).

Lest the parties be confused by our determination today, we make it clear that we are not dismissing the case under the traditional forms of the abstention doctrine.[3] The proceedings pending before the Supreme Court of Puerto Rico encompass all the issues here present. No showing has been made that said forum does not warrant justice and impartiality in its judicial process. Moreover, present before the Puerto Rico Supreme Court and absent here, is the additional and predominant question of whether plaintiff herein has incurred in contempt of that High Court should a finding be made that the 1973 award is presently binding.

Surely, wise judicial administration and the friendly coexistence of State and Federal courts' systems, mandate as a minimum that an opportunity be given to a court to determine whether its authority has been respected and its judicial integrity maintained by the litigants. We can not undermine the State court's power and duty to watch for their preservation as effective instrument of justice.

---

2. E. g. Whether there was a strike; whether "res judicata" applies in the present case; whether plaintiff had the duty to actually *invoke* the arbitration clause.

3. See: *Colorado River Water Const. Dist. v. U. S.,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1975), for a recent Supreme Court restatement of the types of abstention.

Wherefore, in view of all the above, the complaint and counterclaim filed in the instant case shall be dismissed without prejudice. The Clerk shall enter judgment accordingly.

IT IS SO ORDERED.