**COLLIER v. CALIFORNIA CO. et al.**

Civil Action No. 2146.

District Court, W. D. Louisiana, Monroe Division.

Oct. 1, 1947.

G. P. Bullis, of Ferriday, La., for plaintiff.

Blanchard, Goldstein, Walker & O'Quin, C. W. Thurmon, and A. O'Quin, all of Shreveport, La., and Taylor, Porter, Brooks & Fuller, of Baton Rouge, La., for defendants.

DAWKINS, District Judge.

In a petition filed March 25, 1947, plaintiff, a citizen of Louisiana, claims ownership of certain lands in Tensas Parish, Louisiana, and alleges possession thereof for more than one year prior to October 13, 1945, through his predecessor in title; that there are no buildings or improvements on said property but that possession has consisted of the selling and removal of timber; that about April 1, 1946, he built a fence on the southeastern boundary, along an old established boundary line; that at the time he was the lessee of an adjoining plantation on the north and west, and the fence was extended so as to enclose said land, to be used for pasturage. Further, that he had previously "about the year 1937" built a fence along the southeastern line but that the same was removed in 1943 when war conditions made it more important to use the wire elsewhere; that continuously since 1930 to 1946, he had pastured cattle thereon; and that for more than ten years immediately prior to the filing of this suit he has claimed possession and guarded said land against trespass. In the alternative plaintiff makes other allegations to show possession.

The petition next proceeds to allege that his title has been "slandered" by defendants, citizens of other states, and his possession disturbed as follows: 1. By the filing of a suit on October 7, 1946, in the state court for Tensas Parish, in which it was "admitted that plaintiff was in actual, corporeal possession * * * but claimed that plaintiff had no legal title thereto, and prayed that his possession be ended"; that said suit was "solely a possessory action and not asking for any recognition of any title"; and that it had been tried and is awaiting decision in the state court.

Further, that the defendants have committed certain acts of trespass through vio-

lence, including an attempt to lay pipelines on the land, under the claim of a mineral lease from Mrs. Grace M. Rhodes, and that, having "submitted the question of possession of said lands to a competent court, defendants owed a duty to await the decision of that case." Damages are claimed in excess of $3000, the minimum jurisdiction of this court.

The petition further alleges that the defendant Rhodes "is not an inhabitant of or found within the state of Louisiana, but resides in the city of Chattanooga, State of Tennessee."

The prayer is (1) for an order "directing said Mrs. Grace M. Rhodes to appear, plead, answer or demur by a date designated and said order be served on her at her said residence"; (2) that defendants be required to disclaim title, or to assert any title they may claim in a petitory action against defendant (plaintiff), within a delay to be fixed by the court; (3) that "defendants be required to cease and desist from their trespass"; and that plaintiff have judgment for $15,000. There is also a prayer for trial by jury.

An order was obtained from this court requiring the said Mrs. Rhodes to "appear, plead, answer or demur to the foregoing complaint * * * on or before April 28, 1947."

Separate motions to dismiss were filed by the three defendants, Mrs. Rhodes, the California Company, and the Carter Oil Co., on the ground that defendants had, on October 7, 1946, filed in the state court for Tensas Parish, Suit No. 8929 against the plaintiff, involving "possession of the property" in question, which, as was alleged in plaintiff's petition in the present case had "been tried and submitted for decision."

Lis pendens is not pleaded (for the reason that the doctrine does not apply as between state and federal courts), nor is it specifically said in the motions to dismiss that the proceeding in the state court had the effect of placing the property in the protective custody of that tribunal, but in the oral arguments and briefs defendants rely upon the well recognized jurisprudence, that as a matter of comity, Fed-

eral courts will not interfere where jurisdiction of a state court has previously attached to tangible property in a manner making it necessary to either retain or assert custody in effectively disposing of the issues before it.

An examination of the certified copies of the proceedings in the state court show that a suit was filed there by the three defendants in the present case, as plaintiffs, against the present plaintiff, Mrs. Rhodes alleged in that suit ownership of the land, and the other two, the California Company and the Carter Oil Co., claimed mineral leases thereon. It was charged that Collier had on April 1, 1946, "taken possession of part of the property situated in Tensas Parish by erecting a fence along the boundaries of the same," a map showing boundaries, etc. being attached to the petition in that case. It was further alleged that Mrs. Rhodes had had quiet and undisturbed possession of the land for more than one year, as required by Article 49 of the Louisiana Code of Practice in the possessory action, and that she, in turn, had assigned this possession to the other defendants to the extent necessary to exercise their rights under said mineral leases; that less than one year had elapsed since the disturbing of possession by Collier, also a necessary basis for that type of action, and that the parties plaintiff were entitled to be restored to possession. Plaintiffs there also claimed damages in considerable amounts. They prayed that the state court restore them to possession and for damages as alleged against Collier.

■■ It is contended by plaintiff in the present case that it is distinguishable from the one filed in the state courts by defendants, in that the latter is strictly a possessory action under the above cited article of the Code of Practice, whereas, this is an action in jactitation or slander of title, evolved as a matter of jurisprudence in this state, involving either the cancellation of recorded claims to the property, or oral assertions of ownership. However, an analysis of the allegations here and comparison with those in the case in the state court, except for the charge of slander, shows that identical facts, claims and circumstances are the basis of both cases. In fact, while Article 57 of the Judicial Code, 28 U.S.C.A. § 118, is not alleged or referred to in the present case, both the allegations and the prayer for service, as well as the order signed by this court contemplate personal service upon Mrs. Rhodes in her home state and to that extent follow the requirements of that provision of the Judicial Code, in which a claim to title or a lien upon property may be asserted through substituted and personal service in the jurisdiction of the defendant, and it is essentially an action in rem, since the judgment can not go beyond the res over which the local court acquires jurisdiction, although there be no actual seizure. The proceeding under this section of the Judicial Code necessarily contemplates, in the event of assertion of title or a lien upon the property is sustained, the court shall take it into custody for delivery to the plaintiff or to sell it for the enforcement of the lien. Likewise, in the possessory action under the Louisiana Code of Practice, while involving only the possession, it is nevertheless an action in rem to the extent that it is not only specifically classed as a real action, but the court must decide who is the true possessor, and if necessary, through execution of its judgment, deliver the property to him. If, as argued by counsel for plaintiff in the present case, this suit can be prosecuted without disturbing the jurisdiction and custody of the state court over the same property, then there is no authority under the Federal law for acquiring jurisdiction or making service on Mrs. Rhodes, a non-resident, in a purely personal action, other than Section 57, Title 28 U.S.C.A. § 118, and she has not been properly brought into court. Possession is one of the three elements of complete ownership, to-wit, usus, fructus, and abusus, or the right to possess, enjoy the use of, and to dispose of property. La.R.C.C., Art. 491; Wilson v. Ætna Ins. Co., La.App., 161 So. 650. Therefore, the claim of possession in each instance involves an element of the title as against a non-resident and can be asserted in a Federal court only under the provisions of the law (Judicial Code, § 57) above cited. See also Cyclopedia Fed.Pro., 2d Ed., Vol. 4, p. 238, Sec. 998.

Cases cited by plaintiff involve circumstances where the parties were subject to the jurisdiction of the court for all purposes and in which it was charged, I think, differently from what is done in the present case, that the defendant had recorded or was asserting a claim to the property without any foundation.

■ Since both the action in the state court and this one contemplate ultimate custody and possession of the property, comity requires that the motions to dismiss be sustained.

The motions to dismiss should be sustained.

Proper decree should be presented.