George Washington PIERCE,
Plaintiff,

v.

ALLEN B. DU MONT LABORATORIES,
Inc., Defendant.

Civ. A. No. 1624.

United States District Court
D. Delaware.

Feb. 23, 1956.

Thomas Cooch (of Connolly, Cooch & Bove), Wilmington, Del., and David Rines and Robert H. Rines (of Rines & Rines), Boston, Mass., for plaintiff.

Richard F. Corroon (of Berl, Potter & Anderson), Wilmington, Del., and Floyd H. Crews and Donald J. Overocker (of Darby & Darby), New York City, for defendant.

LEAHY, Chief Judge.

Plaintiff sues for infringement. Current suits exist in Massachusetts and New Jersey on the same patents. It appears similar suits were brought against other alleged infringers in other jurisdictions—some 10 others in number.

There should be a way out of the turmoil of expensive patent law suits (on the same patents) until there is, at least, a preliminary determination of rights. A defendant—nearly last in line, or with low priority, as defendant here is— should be spared the necessity to defend a complex patent case when other associated-defendants are awaiting in other courts the thrust to challenge plaintiff's claim to invention in a comparatively old art.

The basic consideration is the infringement suit brought here comes after other suits have been brought elsewhere. Defendant in the case at bar is financially responsible. The pending cause will be stayed out of comity to prior jurisdictions. If there are changed circumstances, any party may move to set aside the stay order which I suggest be submitted for signature.