Settle order on notice.

George Washington **PIERCE**, Plaintiff,

v.

**ALLEN B. DU MONT LABORATORIES, Inc., Defendant.**

Civ. A. No. 1624.

United States District Court
D. Delaware.

Sept. 24, 1957.

---

238

See, also, 154 F.Supp. 368.

Thomas Cooch (of Connolly, Cooch & Bove), Wilmington, Del., for Helen Rus-

sell Pierce, Executrix of the Last Will and Testament of George Washington Pierce, Deceased, David Rines and Robert H. Rines (of Rines & Rines) Boston, Mass., of counsel.

Richard F. Corroon (of Berl, Potter & Anderson) Wilmington, Del., for defendant. Floyd H. Crews and Donald J. Overocker, New York City (of Darby & Darby) New York City, of counsel.

LAYTON, District Judge.

Motion by defendant for stay. Denied.

An affidavit by defendant in support of its motion for a stay discloses that in point of time the instant suit is the eighth of nine patent suits filed in several Circuits throughout the Country, all involving the same six patents.[1] The defendants are neither identical nor stand in privity with each other.

On March 23, 1956, a continuance until the following term was granted by Chief Judge Leahy based upon a similar motion. D.C., 138 F.Supp. 959. The motion is now renewed just prior to a pretrial conference which had been pending for some time.

In addition to the low order of priority of the suit in point of time, defendant urges these additional considerations. In one of the Massachusetts suits, the First Judicial Circuit Court has reversed a judgment of the District Court and declared invalid the basic patent of the six involved.[2] Moreover, it is said that the two Massachusetts actions are to be consolidated and motions for summary judgment as to the five remaining patents promptly made and argued. The I. T. & T. case in New Jersey has been stayed by consent of the parties pending the outcome in Massachusetts but, even so, in point of pre-trial procedure, is well advanced over the suit at bar and some of

1. Pierce v. Am. Communications Corp. (Mass., 6/1/51)
Pierce v. Mackay Radio & T. Co. (Mass., 4/2/54)
Pierce v. I. T. & T. (N.J., 4/15/54)
Pierce v. Lear, Inc. (Mich., 5/11/54)
Pierce v. Aeronautical Comm. Equip. Corp. (Fla., 6/10/54)
Pierce v. Standard Piezo (Pa., 6/21/54)
Pierce v. N. Boonton (N.J., 7/12/54)

Pierce v. Du Mont (Del., 7/14/54)
Pierce v. Simpson Electric Co. (Ill., 8/18/55)

2. American Communications Co. v. Pierce, 1 Cir., 208 F.2d 763, certiorari denied 347 U.S. 944, 74 S.Ct. 639, 98 L.Ed. 1092, rehearing denied 347 U.S. 970, 74 S.Ct. 775, 98 L.Ed. 1111.

the issues have been decided. D.C., 147 F.Supp. 934. Finally, in Florida, the District Court has declared all six patents invalid on a motion for summary judgment with an appeal now pending in the Fifth Circuit Court of Appeals. Upon these facts, defendant very earnestly contends that in common justice it is entitled to further stay.

That the same patent may be the subject of successive litigations throughout the various Circuits despite prior adverse rulings [3] is axiomatic. As the Supreme Court of the United States said in Triplett v. Lowell, 1936, 297 U.S. 638, 56 S.Ct. 645, 648, 80 L.Ed. 949:

> "We conclude that neither the rules of the common law applicable to successive litigations concerning the same subject-matter, nor the disclaimer statute, precludes relitigation of the validity of a patent claim previously held invalid in a suit against a different defendant."

I do not take the cited language as depriving a trial court of all discretion in the matter, however. Examples may be imagined wherein the application of the principles of comity would become necessary.[4] In this connection, the language of Chief Judge Leahy of this District, in this same case [138 F.Supp. 959], is highly pertinent:

> "There should be a way out of the turmoil of expensive patent law suits (on the same patents) until there is, at least, a preliminary determination of rights. A defendant—nearly last in line, or with low priority, as defendant here is—should be spared the necessity to defend a complex patent case when other associated-

defendants are awaiting in other courts the thrust to challenge plaintiff's claim to invention in a comparatively old art."

But beyond a given point the above language becomes incompatible with that of the Triplett decision elsewhere referred to. It is significant that despite the rather broad language of Chief Judge Leahy, just quoted, this suit was not stayed. Rather, it was continued for a term.

The situation is now this. Insofar as concerns the First Circuit Court of Appeals, the five remaining patents have not been declared invalid. A motion for summary judgment has apparently just been filed as to these five patents but may very well not be argued until February or March of next year when it is estimated that the decision of the Fifth Circuit Court will be forthcoming. Moreover, the treatment by the Florida District Court of the challenge to the validity of these five same patents seems to have been cursory.[5] Finally, although the defendant makes much of the weakness of plaintiff's patent claims as exemplified by the decisions of the Florida and Massachusetts Courts, it has not adopted the legitimate course of moving for summary judgment here which would not only serve to clarify the issues for trial in this case but would have the effect of a substantial continuance insofar as concerns trial.

Although one may not altogether favor certain of the undesirable consequences flowing from the Triplett decision of which the facts here present a good illustration, yet a contrary rule may, in certain instances, prejudice the plaintiff. In any event, the Triplett decision does not

---

3. Unless, of course, the principle of res adjudicata becomes applicable.

4. For instance, the same plaintiff can only be in one place at one time. Suppose cases involving the same patents were filed in six different Circuits and three of them were nearly ready for trial. Obviously, the trial of two would have to be stayed while the third proceeded.

5. No criticism of the Florida Court is intended. This result seems to have stemmed from agreement by counsel that the validity of all the patents would stand or fall on the Court's decision as to the validity of the basic patent. There is the distinct possibility, however, that the remaining five patents may be declared valid.

appear to leave a wide area for discretion in the trial Court and, as the facts now stand, I am of the opinion that the motion for stay must be denied.