**520**

### COLUMBIA BOILER CO. OF POTTS-TOWN, INC., Plaintiff,

v.

### MANVILLE BOILER CO., Inc., Defendant.

United States District Court
S. D. New York.

Aug. 27, 1960.

Kane, Dalsimer & Kane, New York City, for plaintiff.

Pennie, Edmonds, Morton, Barrows & Taylor, New York City, for defendant.

CASHIN, District Judge.

This is a motion by the defendant to dismiss plaintiff's action for a declaratory judgment with respect to United States Patent No. 2,633,107, and for damages for conspiracy to injure plaintiff's business by unfair trade practices and use of confidential information belonging to plaintiff or, in the alternative, to stay this action pending the outcome of a suit in the District Court for the Eastern District of Pennsylvania.

The facts are essentially as follows:

On May 14, 1954 the present defendant, a New York corporation, commenced suit against Columbia Boiler Co., a Virginia corporation, and Columbia Boiler Co. of Pottstown, Inc., a Pennsylvania corporation, in the District Court for the Eastern District of Virginia for infringement of United States Patent No. 2,633,107. On July 8, 1954 Columbia Boiler Co. of Pottstown, Inc. instituted the present action in this court for declaratory judgment with respect to the above numbered patent and for unfair competition. This action was stayed by agreement of the parties on June 8, 1955 pending the outcome of the action in the Virginia District Court. That judgment was entered on August 14, 1958 dismissing the complaint as to Columbia Boiler Co. of Pottstown, Inc. for lack of venue, and dismissing the complaint against Columbia Boiler Co. on a finding of invalidity of the United States Patent No. 2,633,107. The Court of Appeals for the Fourth Circuit, 269 F.2d 600 affirmed that part of the judgment dismissing the action as to Columbia Boiler Co. of Pottstown, Inc., but reversed so much of the judgment that held United States Patent No. 2,633,107 invalid and found that patent valid and infringed. Certiorari was denied on November 25, 1959, 361 U.S. 901, 80 S.Ct. 208, 4 L.Ed.2d 156.

On August 25, 1959 Manville Boiler Co., Inc. instituted suit against Columbia Boiler Co. of Pottstown, Inc., Frank I. Boarman and Harry J. Loughney for infringement of United States Patent No. 2,633,107 and for unfair competition. Defendant has now moved to dismiss or

stay plaintiff's action for declaratory judgment and unfair competition, commenced July 8, 1954, until after the action brought by Manville Boiler Co., Inc. on August 25, 1959 is decided.

The grounds upon which defendant bases its motion are that the suit in this court will not dispose of the entire controversy between the parties since there are additional defendants in the action now pending in the District Court for the Eastern District of Pennsylvania, that the convenience of all parties will best be served by proceeding to a final determination in the Pennsylvania District Court, and that plaintiff herein will be in no way prejudiced by the granting of this motion.

The plaintiff opposes the motion on the grounds that the individual defendants in the Pennsylvania action have offered to appear in the present case and that offer has not been accepted, that this is a more convenient forum and that defendant will not be prejudiced if its motion is denied.

"The issue is one of balance of convenience and its disposition may be said to turn upon those same factors which warrant the denial or grant of applications made on the ground of forum non conveniens under 28 U.S.C. § 1404(a)." Ronson Art Metal Works v. Brown & Bigelow, D.C.S.D.N.Y.1952, 105 F.Supp. 169, 172, affirmed on District Court opinion, 2 Cir., 1952, 199 F.2d 760. In this case the balance does not seem to favor either party. It appears that principal counsel for both parties and plaintiff's expert witness are located in the New York metropolitan area and that many of plaintiff's witnesses also reside there. It also appears that the patentee resides in the New York area. On the other hand, many of defendant's witnesses reside in Pennsylvania and all of the records and alleged infringing devices are located in the Eastern District of Pennsylvania. It should also be noted that plaintiff began its suit five years prior to defendant's suit and although this is by no means determinative it is a factor to be considered.

I find no reason for granting defendant's motion. " * * * unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055. As has been stated, the balance in this instance is not "strongly in favor of defendant."

The motion is denied.

It is so ordered.