**COAKLEY & BOOTH, INC., Plaintiff-Appellee,**

v.

**BALTIMORE CONTRACTORS, INC., Defendant-Appellant.**

**No. 15, Docket 30403.**

United States Court of Appeals Second Circuit.

Argued Sept. 22, 1966.

Decided Sept. 27, 1966.

William D. Powers, Leslie A. Hynes, New York City, for plaintiff-appellee.

Herbert Rubin, New York City, Robert D. Wallick, Washington, D. C., Walter Herzfeld, David M. Madway, Herzfeld & Rubin, New York City, Steptoe & Johnson, Washington, D. C., for defendant-appellant.

Before WATERMAN, MOORE and ANDERSON, Circuit Judges.

WATERMAN, Circuit Judge:

Appellant contracted with the Government to construct certain underground garages in Washington, D. C. and on the same day subcontracted certain of the excavation, bracing and shoring work, required to perform its government contract, to respondent. Some seven months later appellant terminated its subcontracting contract with respondent. Respondent then commenced an action in the State of New York Supreme Court alleging that appellant had breached the subcontracting contract and respondent had suffered damages thereby. Appellant removed this action to the United States District Court for the Southern District of New York and answered respondent's complaint denying the material allegations therein and also setting forth three affirmative defenses, set-offs and counterclaims in which it was alleged that respondent failed to perform its subcontract, failed to employ qualified personnel, and failed to pay its subcontractors, laborers, suppliers and materialmen. Respondent in turn filed its pleading denying the material allegations contained in appellant's three affirmative defense pleadings.

Pleadings being closed appellant then moved under 28 U.S.C. § 1404(a) to transfer the action to the United States District Court for the District of Columbia. This motion was denied in a well-considered opinion by Judge Tenney, as was also a petition to reargue.

Thereupon appellant commenced its own action against respondent in the United States District Court for the District of Columbia. The complaint contained three separate counts, the first sought to recover the identical damages contained in the counterclaims filed in defense to respondent's prior suit pending in New York, the second sought to recover $10,363.31 for an alleged unrelated breach of contract in connection with a certain construction job in Boston, Mass., and the third sought damages for respondent's alleged tortious interference with appellant's "contractual and business relations with its emloyees and with other individuals, firms and corporations with whom [appellant] presently has and previously had business dealings."

When respondent was served with this District of Columbia complaint it promptly moved in the Southern District of New York to enjoin appellant from prosecuting the first and third counts of that complaint on the ground that these counts raised the same issues that were contained in appellant's defense pleadings in the action pending in the Southern District.

Before decision on respondent's motion was handed down appellant obtained an attachment in the District of Columbia action in the sum of $15,000, and respondent moved in the Southern District to enjoin appellant from taking any action in connection with the attachment pending decision upon the undecided injunction motion.

The district court granted the motion enjoining appellant from prosecuting the first and third counts contained in the District of Columbia complaint, and, on the same day, further ordered that the District of Columbia attachment be reduced to $12,000, some $1600 in excess of the amount of $10,363.31 sought in the second count.

Appellant seeks review of both orders. As to the first order the appellant only seeks reversal of the injunction enjoining the prosecution of the third count of the District of Columbia complaint; and as to the second order only to the extent that the attachment is enjoined unless property attached in excess of $12,000 is released.

■ We affirm the order enjoining appellant from prosecuting the first and third counts in its District of Columbia complaint. Although there are charges of bad faith in the briefs presented to us which for our purposes upon this appeal appear to be irrelevant, it seems obvious from the recitation of the uncolored cold historical facts here recited that appellant has attempted to circumvent the U. S. District Court which first obtained control of the litigation between the parties relative to the Washington, D. C. underground garage construction, despite an order refusing to transfer the action upon a petition appellant itself brought pursuant to 28 U.S.C. § 1404(a). The subject matter of each of these counts can be fully litigated in the pending action in the Southern District of New York.

■ Appellant should also be enjoined from utilizing the attachment it has obtained in the District of Columbia other than as a mesne process adjunct to its action for damages on the second count of its District of Columbia complaint, and we hold that a $12,000 attachment is sufficient for that purpose.

We remand the case to the district court below for the fashioning of such injunctive orders as may be required.