**JAVELIN OIL COMPANY, Inc.**

v.

**T. C. MORROW DRILLING COMPANY.**

**Civ. A. No. 12437.**

United States District Court
W. D. Louisiana,
Shreveport Division.

March 17, 1967.

Marion K. Smith, Shreveport, La., for plaintiff.

William E. Skye, Gold, Hall & Skye, Alexandria, La., John T. Guyton, Hargrove, Guyton, Van Hook & Ramey, Shreveport, La., for defendant.

### OPINION ON MOTIONS TO DISSOLVE INJUNCTION AND TO STAY PROCEEDINGS

BEN C. DAWKINS, Jr., Chief Judge.

Defendant filed suit in the Louisiana state court for Rapides Parish on October 26, 1966 for recognition and enforcement of its asserted lien and privilege for labor, services and supplies furnished to plaintiff Javelin Oil Company (hereafter Javelin). Upon order of the state court, the Sheriff of Rapides Parish seized, under a Writ of Sequestration, the property covered by the lien, all of which is located in Rapides Parish.

Six days later, on November 1, 1966, Javelin, Waymon L. Davis and A. M. Rozeman commenced this action in this court seeking to void the lien and to cancel its recordation in the mortgage records of Rapides Parish. Davis and Rozeman additionally sued for one million dollars in damages alleging that the recorded lien blocked their contemplated sale to Platinum Oil Company. We improvidently granted an *ex parte* injunction restraining defendant from taking any further steps in the state court suit.

Before us at this time are defendant's motions to dissolve the injunction and to stay the proceedings. Defendant's motion to dismiss the complaint for failure to allege jurisdictional facts has become moot by the filing of plaintiffs' amended complaint.

### Motion to Dissolve Injunction

The power and authority of federal courts to issue injunctions is controlled by 28 U.S.C. §§ 1651 and 2283. Section 1651, commonly referred to as the "All Writs" statute, provides:

"(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

"(b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction."

Section 2283, designed to prevent conflict and promote comity between federal and state courts,[1] provides:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

Under these authorities, it is clear that state court proceedings may be stayed only where necessary in aid of the jurisdiction of the federal district court, or to protect and effectuate its judgments or where expressly authorized by Act of Congress. Unless one of the exceptions within § 2283 is present, its prohibition is absolute and leaves no discretion in the federal court.[2] Generally, an injunction should not be granted where other adequate remedies are readily available,[3] and the prohibition against enjoining state court proceedings cannot be avoided by framing an injunction as a restraint upon a party rather than against the state court.[4]

In connection with the authority to grant injunctions generally, we must follow the important rule that where property is in the actual possession of one court of competent jurisdiction, such possession cannot be disturbed by any other court.[5] Thus where a federal court has first acquired jurisdiction of the property, it may enjoin interference with its custody by a state court. This is, of course, an exception recognized by § 2283 since any injunction granted would be in aid of the court's jurisdiction. On the other hand, if the state court has first acquired custody of the

---

1. Leiter Minerals, Inc. v. United States, 352 U.S. 220, 77 S.Ct. 287, 1 L.Ed.2d 267 (1957), reh. denied. 352 U.S. 1019, 77 S.Ct. 553, 1 L.Ed.2d 560.

2. Amalgamated Clothing Workers of America v. Richman Bros., 348 U.S. 511, 75 S.Ct. 452, 99 L.Ed. 600 (1955).

3. Hooper v. Hartman, 163 F.Supp. 437 (D.C.Calif. 1958), aff'd 274 F.2d 429.

4. H. J. Heinz Co. v. Owens, 189 F.2d 505 (9 Cir. 1951), reh. denied, 191 F.2d 257,

cert. denied, 342 U.S. 905, 72 S.Ct. 294, 96 L.Ed. 677; Manufacturers Record Pub. Co. v. Lauer, 169 F.Supp. 234 (E.D.La. 1959), aff'd 268 F.2d 187, cert. denied, 361 U.S. 913, 80 S.Ct. 258, 4 L.Ed.2d 184.

5. See generally, 1 Barron & Holtzoff, Federal Practice and Procedure (Wright ed.), § 46.1 (1960), and especially the cases cited at footnote 98.30.

property, the federal court must decline jurisdiction.[6]

Here, defendant prayed in its state court action that its lien be recognized and enforced against the affected property. After issuance of a writ of sequestration from the state court, the Sheriff of Rapides Parish seized the property. Clearly, defendant's action in state court was "in rem" under Article 8 of the Louisiana Code of Civil Procedure, and that court has obtained possession of the "res" by virtue of the seizure. It is also important to note that the filing of the state court suit and subsequent seizing of the property occurred six days prior to this suit being filed.

■ Since defendant's action in state court is "in rem" and that court has possession of the "res" by virtue of the seizure, we, as a federal court bound by § 2283, cannot enjoin the proceedings therein. Thus it is our conclusion that the injunction previously issued must be dissolved.

### Motion to Stay Proceedings

By this motion, defendant asks that the proceedings in this case be stayed pending final disposition of the suit in state court. Defendant bases its motion on the fact that both actions are "in rem" involving essentially identical issues, and urging that only one court can have jurisdiction of the subject matter at one time. Defendant reasons that since the state court first obtained jurisdiction, this court should stay its proceedings.

Plaintiffs, on the other hand, contend that the issues before this court and the state court are not identical because here they seek damages for the filing of an allegedly invalid lien which is an action "in personam" and not before the state court. Plaintiffs also contend that since plaintiffs Davis and Rozeman are not parties to the suit in state court, they will be prejudiced by a stay of proceedings here.

It is our conclusion that defendant's motion to stay this proceeding must be granted. Contrary to plaintiffs' claim that this action is "in personam" while the state court suit is "in rem," this suit encompasses both "in rem" and "in personam" aspects. To recover damages by an action "in personam" for the filing of an allegedly invalid lien, the plaintiffs first must establish the invalidity of the lien. Such action is necessarily "in rem" because it seeks to remove an alleged cloud on plaintiffs' title and enforce a right to property having its situs in this State.[7]

■ Since the "in rem" action must be decided prior to the "in personam" action and the state court has exclusive jurisdiction of the "in rem" action concerning the validity of the lien by virtue of its prior custody of the "res," the proceedings in this court will be stayed. If the lien actually is invalid, plaintiffs have an adequate remedy in state court to prove its invalidity. If plaintiffs establish such invalidity, their right to proceed in this court with the "in personam" action for damages is in no way prejudiced.

■ The mere fact that all of the plaintiffs in this case are not formal parties in the state court suit has little effect on the question of a stay of proceedings because the validity of the lien is unaffected by the parties to the suit. Merely because all of the plaintiffs are not formal parties does not diminish the available number of defenses to enforcement of the lien in the state court suit.

Therefore, defendant's motion to dissolve the injunction and to stay the proceedings are granted. Defendant is directed to prepare and present an appropriate decree for signature.

---

6. Id., and the cases cited at footnote 98.32.

7. La.Code of Civil Procedure art. 8 (1960). See, e. g., Collier v. California Co., 73 F. Supp. 413 (W.D.La.1947).