**FOSTER WHEELER CORPORATION,**
Plaintiff,

v.

**AQUA–CHEM, INC., Defendant.**

**Civ. A. No. 41713.**

United States District Court
E. D. Pennsylvania.

Nov. 30, 1967.

[redacted]

[redacted]

Charles H. Howson, Jr., Philadelphia, Pa., William J. Stellman, W. E. Reckten-wald, Chicago, Ill., of counsel, for petitioner.

Alfred C. Aurich, Philadelphia, Pa., Sidney Neuman, Robert L. Austin, Charles A. Laff, Chicago, Ill., Harold E. Kennedy, New York City, Richard H. Thomas, John Maier, III, Livingston, N. J., of counsel, for respondent.

OPINION

WEINER, District Judge.

This phase of a patent controversy is before us on defendant's motion to dismiss or transfer.

Plaintiff Foster Wheeler is a manufacturer of a flash evaporating apparatus for the distillation of water. Defendant Aqua-Chem is a competitor holding patents on such an apparatus which are the subject of this suit, wherein Foster Wheeler moved, on December 13, 1966, for declaratory judgment under 28 U.S.C. §§ 1338(a) and 2201 to determine the validity of the Aqua-Chem Letters Patent Nos. Re. 25,232 and 3,-213,000. Aqua-Chem, in turn, has petitioned to dismiss, or, in the alternative, to transfer, this action to the Eastern District of Louisiana, where it had previously filed suit on September 20, 1966, as plaintiff in a related suit for infringement of the same patents as the ones at issue herein.

In the prior Louisiana action, Aqua-Chem, defendant herein, is going against the Gulf Oil Corp., a purchaser and user of the apparatus for which Aqua-Chem holds the patents. Foster Wheeler, while not a party to that suit, did agree, however, to indemnify Brown & Root, Inc., the prime contractor which constructed the plant and purchased the apparatus, against liability for infringement of at least one of the two patents in suit. Brown & Root in turn agreed to indemnify Gulf, the ultimate purchaser and user.

Aqua-Chem now claims as grounds for its motions that the identity of subject matter in the two suits and the chain of indemnification in the Louisiana action would render judgment there res judicata and binding upon Foster Wheeler. Hence, argues Aqua-Chem, resolution of the Louisiana suit would be "dispositive of all rights and liabilities of the parties" in the instant case. Foster Wheeler replies that it does not control the Louisiana litigation, and is therefore not bound by it as res judicata. Furthermore, it argues, the instant suit is necessary for a meaningful determination of the patent controversy, because only here can Foster Wheeler, the manufacturer, "meet the strategy" of Aqua-Chem, the patent owner, who chooses "to avoid a direct confrontation by pursuing only the customers of his competitor" in a piecemeal fashion.

In the interests of judicial economy, we deem it wisest to stay the instant proceedings until after the termination of the Louisiana action.

[redacted] The preliminary issue of transfer scarcely needs comment. The relevant statute provides that a district court

> may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). For a district to qualify as one where suit "might have been brought" (and hence as one to which transfer would be proper), the Supreme Court has clearly and explicitly held that plaintiff must have had "'a right to sue in that district, independently of the wishes of defendant,'" Hoffman v. Blaski, 363 U.S. 335, 344, 80 S.Ct.

1084, 1090, 4 L.Ed.2d 1254 (1960), quoting opinions below, 260 F.2d 317, 321 and Behimer v. Sullivan, 261 F.2d 467, 469 (7th Cir. 1958).

■ Under the general venue statute applicable to this case, Foster Wheeler "might have" brought action against Aqua-Chem only in a judicial district where defendant corporation "is incorporated or licensed to do business or is doing business," 28 U.S.C. § 1391(c). Contrary to defendant's contention, the hypothetical ability of Foster Wheeler to file a counterclaim in the Louisiana suit previously instituted by Aqua-Chem against Gulf Oil in no way qualifies that district under § 1404(a) as one to which suit may properly be transferred. As the Supreme Court has even further explained, the language in Hoffman v. Blaski bars transfer, in such a case as this one, where the district to which transfer is requested is one in which the instant suit

> could not have been brought because the defendant legally could not have been subjected to suit there at the time when the case was originally filed,

Continental Grain Co. v. The Barge FBL–585, 364 U.S. 19, 22, 80 S.Ct. 1470, 1472, 4 L.Ed.2d 1540 (1960).

■ Dismissal, on the other hand, would likewise be improper at this juncture. No control by Foster Wheeler over defendant Gulf Oil's case in the pending Louisiana action has been satisfactorily shown by defendant-petitioner Aqua-Chem, who naturally bears the risk of non-persuasion on this issue for the purposes of this motion. At most, Aqua-Chem has alleged an indirect chain of indemnification, including the payment of attorney fees, as to one of the patents in suit between Foster Wheeler, plaintiff herein, and Gulf Oil, defendant in the Louisiana action, through a mutual middleman, Brown & Root.

■■ Mere payment of counsel fees or participation in a trial by one not a party to the suit is not alone sufficient to bind the non-party to the outcome of that suit under the principles of res judicata, Bros, Inc. v. W. E. Grace Mfg. Co., 261 F.2d 428, 430 (5th Cir. 1958); accord, Thaxton v. Vaughan, 321 F.2d 474, 479 (4th Cir. 1963). While a non-party might well be bound where it

> actively and avowedly conducts the defense, [and] manages and directs the progress of the trial at its expense and under its supervision,

Bros, supra at 430, such have not been shown to be the facts here.

■ Even where, in a comparable situation, a manufacturer was a named party-defendant and participated throughout the trial, later being dismissed from the action for lack of proper venue under 28 U.S.C. § 1400(b), Manville Boiler Co. v. Columbia Boiler Co., 269 F.2d 600, 606 (4th Cir.), cert. denied, 361 U.S. 901, 80 S.Ct. 208, 4 L.Ed.2d 156 (1959), nonetheless, in a hearing on the issue of res judicata, it was subsequently held that the facts of payment and participation while an "enforced party" to the suit were still insufficient to bind the manufacturer to the outcome under principles of res judicata, Manville Boiler Co. v. Columbia Boiler Co., 204 F.Supp. 389, 391–392 (E.D.Pa.1962). It follows, a fortiori, that petitioner in the instant suit has not shown enough to prove plaintiff-respondent's control in the Louisiana action nor, hence, any res judicata effect of that suit upon Foster Wheeler.

■ An important additional observation must be made. The Louisiana suit is one for patent infringement; the suit in this district is for declaratory judgment as to the validity of the two patents. Were the Louisiana district court to find an infringement, the validity of the patent would necessarily be determined, at least as between the parties thereto and their privies. Were no infringement found, however, the issue of patent validity could still remain unresolved. In that posture, we deem it

best to stay the instant action until the related Louisiana suit is terminated.

■ Although a stay has been specifically requested by neither party, it is a general rule that an action may and will be stayed in a court of concurrent federal jurisdiction which receives the case after another court already has an action pending involving issues and parties that are substantially identical, Camero v. McNamara, 222 F.Supp. 742, 744 (E.D.Pa.1963), even on the court's own motion, Nelson v. Grooms, 307 F.2d 76, 78 (5th Cir. 1962), and even where the formal parties in the two suits are not identical, cf. Javelin Oil Co. v. T. C. Morrow Drilling Co., 266 F.Supp. 119, 122 (W.D.La.1967). In the classical language of Mr. Justice Cardozo,

> the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.

Landis v. North American Co., 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936); accord, Merritt-Chapman & Scott Corp. v. Pennsylvania Turnpike Commission, 387 F.2d 768 (3d Cir., November 29, 1967).

In the instant case, since plaintiff has voiced its concern lest the users of its patented apparatus be faced with multiple, repetitive litigation in the future, it is given leave to reapply to this court at any time, upon such an event. Barring this eventuality, the present action is stayed until ten days after the termination of the Louisiana action. Cf. Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co., 189 F.2d 31, 35 (3d Cir. 1951), aff'd, 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952) (Frankfurter, J.).

### ORDER

And now, November 30, 1967, defendant-petitioner's motion to dismiss, or, in the alternative, to transfer is hereby denied; further proceedings in the instant action are stayed until ten days after the final determination of Aqua-Chem v. Gulf Oil Corp., Civil Action No. 66–384 "A", filed in the Eastern District of Louisiana on September 20, 1966, with leave to either party to apply to this court for a modification of the order if prosecution of the Louisiana suit be unreasonably delayed or if related litigation between the parties subsequently be proliferated.

It is so ordered.