**IDEAL TOY CORPORATION, Plaintiff,**

v.

**MATTEL, INC., Defendant.**

**No. 67 Civ. 2210.**

United States District Court
S. D. New York.

Feb. 15, 1968.

Amster & Rothstein, New York City, for plaintiff; Morton Amster, Michael I. Rackman, New York City, of counsel.

Phillips, Nizer, Benjamin, Krim & Ballon, New York City, Friedman & Goodman, Brooklyn, N. Y., for defendant; Theodore H. Friedman, New York City, Abraham Friedman, Brooklyn, N. Y., of counsel.

## MEMORANDUM

FRANKEL, District Judge.

This is an action, filed on June 7, 1967, for a declaratory judgment with respect to the validity of a "Multiple Speech Phonograph" patent (No. 3,017,187). The parties are keen competitors in the toy industry, and, as the history of this litigation illustrates, formidable adversaries in the courts.

On July 21, 1967, by motion dated July 14, 1967, the defendant (Mattel) moved to dismiss on the four stated grounds that:

1. Mattel has failed to make a claim of patent infringement against plaintiff (Ideal), so that there is no justiciable controversy.

2. Mattel has no knowledge of any manufacture or sale by Ideal of toys incorporating the talking device which would infringe the patent, again leading to the conclusion that there is no justiciable controversy.

3. Jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, should be declined by the court in the exercise of its equitable discretion because of Ideal's bad faith in commencing this action in the Southern District of New York.

4. "A binding release, agreement and accord and satisfaction has previously been entered into between the parties terminating this dispute."

The third and fourth grounds of Mattel's motion relate to a prior action commenced in the Central District of California on October 14, 1966, by Mattel against Ideal for infringement of Patent No. 3,017,187 by the manufacture and sale of toys embodying this invention, the same patent and device as are called into question in this lawsuit. Ideal counterclaimed there for a declaration of invalidity and noninfringement. That suit, Mattel, Inc. v. Ideal Toy Corporation, docketed as Civil Case No. 66–1665–S, was terminated on June 6, 1967, by the signing of a "Stipulation and Order for Dismissal." The next day, June 7, 1967, Ideal brought the present suit against Mattel.

Thus, as matters stood up to this point, there appeared on the face of the voluminous papers to be a substantial question whether Ideal had behaved inequitably in bringing the present action. But the picture changed dramatically before Mattel's motion came on to be heard.

The day before oral argument on Mattel's motion, July 24, 1967, Mattel filed additional affidavits and exhibits raising the new contention that the action should be dismissed on the ground that the patent in suit had been reassigned on *October 20, 1966,* to John W. Ryan, the inventor, original patentee and, in Mattel's words, an "independent consultant and inventor" who "from time to time" assigns his inventions to Mattel and had made such an assignment in 1965 of the patent involved here. This new ground of dismissal—the claim that Ryan was the indispensable reassignee —was a curious and troublesome contradiction of defendant's original contention that the suit should be dismissed because of the California dismissal. According to Mattel's sworn affidavits and exhibits, the reassignment had taken place six days after the beginning of the California action, so that, accepting for a moment Mattel's position that the reassignment was valid and bona fide and required the joinder of Ryan, Mattel had lacked standing to continue the California litigation. Ryan was never joined, however, in that suit.

The explanation for this strange course of events given to this court was that Theodore M. Horwith, Mattel's Vice President, Secretary and Treasurer, had made the reassignment to Ryan, but in ignorance "of any connection between this business transaction and any litigation that was then being conducted * * *." It was stated in the revised motion for dismissal that the information about the assignment had come to the attention of counsel and other responsible officers of the defendant only on or about July 19, 1967, so that both the California action and Mattel's position in this court had been continued in ignorance. These alleged failures of communication were said to have remained unrepaired for nearly a year despite the close associations between Mattel and Ryan, their cooperative careers of aggressive patent litigation, their employment of the same patent counsel, and the allegedly great value of the patent here in suit.

The new contention about Ryan and his alleged indispensability posed disturbing and troublesome issues of fact as well as law. Recognizing this, counsel for Mattel agreed readily that Ideal was entitled to substantial discovery concerning the circumstances and scope of the alleged reassignment to Ryan. Mattel also expressed its readiness—perhaps "eagerness" would be a suitable word— for a trial hearing under Fed.R.Civ.P. 12(d) on this and any other factual matters raised by its motion to dismiss. It was agreed that the discovery process should be exhausted first. Thereafter, however, disputes arose as to the scope and detail of the explorations to which Ideal was suitably entitled. The court heard the parties at some length on these problems, and entered detailed orders resolving them. The initially thick pile of affidavits and briefs grew at an impressive rate. On October 11, 1967, with the court's advice and consent, Mattel filed a supplemental motion so that its tardily discovered view as to Ryan's indispensability might be suitably and formally clear for the record.

By January 10, 1968, the parties advised the court that their preparations for submissions on the motion were approaching completion. To allow for further preparation by counsel and the court, oral argument was set for February 7, 1968. It was apparent that the litigation efforts completed and in progress had entailed substantial effort and expense on both sides.

But Mattel's store of surprises had not yet been exhausted. On January 29, 1968 —almost three weeks after the setting of argument here and a scant week before the date of that argument—Mattel brought a motion in the Central District of California to reopen, under Fed.R. Civ.P. 60(b), the order of dismissal which had been entered there "without prejudice" on June 6, 1967, upon the stipulation of the parties. The asserted grounds, characterized as "newly discovered evidence" and "fraud, misrepresentation, or other misconduct" of Ideal, were in substance nothing more than the

third and fourth grounds of the motion which has been pending here since last July. In addition, the California motion sought leave to add Ryan (no stranger, as plaintiff, to the courts in this area) to the lawsuit upon its reopening.

Ideal, not surprisingly, moved by order to show cause to enjoin Mattel's further prosecution of that California proceeding. On February 10, 1968, this court issued a temporary restraining order requiring that Mattel withdraw its California motion and refrain from pursuing that or other litigations duplicating the one here. The question now is whether to extend the restraint by a preliminary injunction until this court can decide in an orderly way the issues upon which the parties, counsel, and the court have already expended so much time and effort. The answer does not seem difficult.

The facts recounted above are sufficient to demonstrate the heavy balance of equities against Mattel and in favor of Ideal. They are enough to warrant the relief Ideal seeks now quite apart from the impressive demonstration that Mattel and Ryan—playing games of assignment and reassignment—have followed a course of harassing litigation on both coasts of the United States based upon sundry patents, while evidently choosing to avoid ultimate judgment on the merits when such a judgment seems imminent.

The principles and authorities supporting injunctive relief for Ideal are familiar and perfectly clear in their import for present purposes. E. g., Kerotest Manufacturing Co. v. C–O Two Fire Equipment Co., 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952); Mattel, Inc. v. Louis Marx & Co., 2 Cir., 353 F.2d 421, petition for cert. dismissed, 384 U.S. 948, 86 S.Ct. 1475, 16 L.Ed.2d 546 (1966); Coakley & Booth, Inc. v. Baltimore Contractors, Inc., 367 F.2d 151 (2d Cir. 1966); Telephonics Corp. and Fabrionics Corp. v. Lindly & Co., 291 F.2d 445 (2d Cir. 1961); Sybil Ives, Inc. v. Helene Curtis Industries, Inc., 249 F.Supp. 865 (S.D.N.Y. 1965). The important, if not decisive, objective of "conservation of judicial resources" (Kerotest, supra, 342 at 183, 72 S.Ct. 219) has been grossly ignored in the course pursued by Mattel. There has been a clear and unjustifiable imposition upon the court as well as the plaintiff.

The briefs touch the question whether the California suit or this one should be deemed the "first filed" in the peculiar circumstances created by Mattel's 60(b) motion. The problem might ordinarily be an interesting one under our Circuit's recent reaffirmation of the "sound rule that the issues should be tried in the district where suit is first brought unless there are other factors of substance which support the exercise of the court's discretion that the balance of convenience is in favor of proceeding first in another district." Mattel, Inc. v. Louis Marx & Co., 353 F.2d 421, 424 (2 Cir. 1965).* But it would be a waste of time to dwell now upon the question whether a motion under Rule 60(b) "relates back" for our purposes despite the language of the Rule saying that such a motion "does not affect the finality of a judgment or suspend its operation." Cf. Kerotest, supra, at 186 n. 6, 72 S.Ct. at 222. For, as has been indicated, there are "other factors of substance" compelling the relief Ideal seeks.

The problem might be different, of course, if Mattel had proceeded promptly, during last June or July, to move for reopening of the California litigation. Nothing has changed since then to justify the long-delayed California motion on the eve of elaborately prepared argument here. Upon oral argument in this court, counsel for Mattel offered as an explanation, attributed to "California counsel," that an "admission" in a recent Ideal paper (that the present suit, brought on June 7, was in contemplation on June 6,

---

* It is of passing interest that the cited decision involved another Mattel-Ryan invention and another defeated effort by Mattel to leave the forum chosen by an alleged infringer. There, it may also be noted, Mattel preferred this court, from which it now proposes to remove its problems.

1967) presented "naked and four square" a theretofore uncertain weapon for the west coast flank attack. It is understandable that Mattel's able representative in this court would deem it desirable to specify that such a contention should be credited to the inspiration of someone far away and unnamed. Leaving it that way, the court concludes that the only relevant change since last summer is Ideal's heavy investment in the issues posed by Mattel's motion in this court—a matter of palpable substance barring Mattel's effort to nullify what has happened here by attempting to revive its abandoned suit 3,000 miles away.

Similarly without substance is the suggestion that the eleventh-hour motion in California makes good sense because the court there is better able to know the unrecorded "deal" underlying the dismissal of Mattel's claim and Ideal's counterclaim "without prejudice." When this thought was explored on oral argument, it was suggested that the distinguished judge who had the case in California could serve in some measure as a "witness" to the informal and untranscribed conversations leading to the recorded stipulation of dismissal. The unacceptability of any such role for any court requires no comment. Once again, however, granting that California might have been a better place to develop issues which have been expensively and almost completely litigated here, it is much too late to allow that redundant alternative now.

It remains to make clear the intended dimensions and purpose of the injunction now to be ordered. This court has concluded that the strange array of contradictory assertions in Mattel's motion to dismiss should be the subject of a live hearing, as Mattel suggested long ago. As counsel have been informed, such a hearing will be scheduled as early as the court's calendar permits. The ultimate result could be, of course, the granting of Mattel's motion to dismiss the complaint on one or another of its several grounds. Should that happen, Mattel will be free to pursue its patent enforcement efforts in any proper forum. In the meantime, however, Mattel should not and will not be free to nullify all or part of the proceedings long in progress here by raising some or all of the same issues in some other court. In short, Mattel will be enjoined from such duplicative litigation during the pendency of the present suit.

Counsel will prepare, for settlement and submission on or before February 19, 1968, proposed forms of injunction.