**HYPRO, INC., Plaintiff,**

v.

**SEEGER–WANNER CORPORATION, Defendant.**

**No. 3–68–Civ–270.**

United States District Court
D. Minnesota,
Third Division.

*Nov. 19, 1968.*

Orrin M. Haugen, Minneapolis, Minn., for plaintiff.

Cecil C. Schmidt, Merchant & Gould, St. Paul, Minn., for defendant.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

In this action, begun October 16, 1968, plaintiff seeks a declaration that defendant's patent * is invalid, and that plaintiff's activities do not constitute an infringement of that patent.

On July 12, 1968, Seeger-Wanner Corporation, defendant here, brought suit in the United States District Court, Northern District of Ohio against the plaintiff in this action, Hypro, Inc. and its customer, Allen Pump Company, for infringement of the same patent here involved. Seeger-Wanner moves this court to dismiss the present suit, or in the alternative, to stay all proceedings herein, until after the final disposition of the pending Ohio district court action.

The points at issue in the Ohio suit encompass the same matters raised in the present complaint. If there is any difference, the Ohio action, containing an additional party defendant, appears to be more comprehensive. Plaintiff hardly disputes this, but opposes defendant's motion on the grounds that both parties, and the majority of vital witnesses, can be found within fifteen miles of this courthouse. It is significant that this same argument from convenience is presently before the district court in Ohio on Hypro, Inc.'s motion under 28 U.S. C.A. § 1404(a), to have the infringement case, absent defendant Allen Pump Company, transferred to this court.

Essentially, then, the question we must answer is whether to dismiss, or at least stay, an action for declaratory judgment concerning the same issues presently pending between the same parties in a suit previously commenced in another federal district court.

---

* U.S. Letters Patent No. 3,174,436, covering improvements on a Radial Pump.

The defendant is owner as assignee of William F. Wanner.

344

■ Of course, the granting of declaratory relief is, within certain bounds, discretionary with the trial court. See, e. g., Shell Oil Co. v. Frusetta, 290 F.2d 689 (9th Cir. 1961); Lehigh Coal & Navigation Co. v. Central R. of N. J., 33 F.Supp. 362 (E.D.Pa.1940); 3 Barron & Holtzoff, Federal Practice and Procedure § 1265 (1958). This discretion provides a flexibility which is particularly potent where, as here, similar matters are simultaneously pending in two or more courts. Abbott Laboratories v. Gardner, 387 U.S. 136, 155, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967); State Farm Mut. Auto Ins. Co. v. Boswell, 248 F.2d 862 (8th Cir. 1957); Samuel Goldwyn, Inc. v. United Artists Corp., 113 F.2d 703, 710 (3d Cir. 1940); Maryland Casualty Co. v. Consumer Finance Service Inc., 101 F.2d 514, 515 (3d Cir. 1938); 6A Moore's Federal Practice ¶ 57.08[6].

Regarding the exercise of that discretion in cases involving similar matters which are pending in another federal district court, it has been said that:

"Wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems." Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1951).

In the *Kerotest* case the Supreme Court tacitly approved the power of a federal court to stay actions before it pending the outcome of a similar suit between virtually identical opponents in another court. Such a device has frequently and effectively been used in situations like the present. See, e. g., Foster Wheeler Corp. v. Aqua-Chem, Inc., 157 U.S.P.Q. 146 (E.D.Pa.1967); Cessna Aircraft Co. v. Brown, 348 F.2d 689 (10th Cir. 1965); Pierce v. Allen B. Du Mont Laboratories, Inc., 138 F.Supp. 959 (D.Del.1956). It has thus become,

"clear that a federal court can stay an action where the same issues are presented in an action pending in another

federal court." C. Wright Federal Courts § 52 (1963).

■ In deciding whether to dismiss or stay a declaratory judgment action which is potentially only cumulative litigation, a court should, in order to avoid stiff and mechanical solution, consider the variety of relevant factors. "Procedural fencing" which detracts from the fair, efficient, and final settlement of a substantive dispute is not favored. Coakley & Booth, Inc. v. Baltimore Contractors, Inc., 367 F.2d 151 (2d Cir. 1966); 6A Moore's ¶ 57.08[5]. Thus while the fact that the other case was filed first is not conclusive, Chicago Furniture Forwarding Co. v. Bowles, 161 F.2d 411, 413 (7th Cir. 1947); 3 Barron & Holtzoff, supra, § 1266, barring compelling reasons favoring the completion of the later cause, the second court will, at least temporarily, stand aside. National Equipment Rental, Ltd. v. Fowler, 287 F.2d 43, 45 (2d Cir. 1961); Columbia Boiler Co. of Pottstown, Inc. v. Manville Boiler Co., 188 F.Supp. 520, 521 (S.D N.Y. 1960); Martin v. Graybar Electric Co., 266 F.2d 202 (7th Cir. 1959); Franklin Life Ins. Co. v. Johnson, 157 F.2d 653, 656 (10th Cir. 1946). And the Supreme Court has warned that:

"The manufacturer who is charged with infringing a patent cannot stretch the Federal Declaratory Judgments Act to give him a paramount right to choose the forum for trying out questions of infringement and validity. He is given an equal start in the race to the courthouse, not a headstart." Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., supra, 342 U.S. at 185, 72 S.Ct. at 222.

■ As well, a court should seek to determine which of the two actions will serve best the needs of the parties by providing a comprehensive solution of the general conflict. McGraw Edison Co. v. Preformed Line Products Co., 362 F.2d 339 (9th Cir. 1966); Chicago Metallic Mfg. Co. v. Katzinger, 123 F.2d 518 (7th Cir. 1941); Mutual Life Ins. Co. of N. Y.

v. Brannen, 31 F.Supp. 123 (S.D.Iowa 1940); 3 Barron & Holtzoff, supra, § 1266.

As significant are,

"practical considerations affecting the interrelation of courts exercising co-ordinate and concurrent jurisdiction." Franklin Life Ins. Co. v. Johnson, supra, 157 F.2d at 656.

Among these are factors of judicial economy, informal comity between courts, cost and convenience to the litigants, and the possibility of vexatious conflict and overlap of multiple determinations of the same dispute. Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., supra, 342 U.S. at 183, 72 S.Ct. 219, 96 L.Ed. 200; Foster Wheeler Corp. v. Aqua-Chem, Inc., 157 U.S.P.Q. 146 (E.D. Pa.1967); Martin v. Graybar Electric Co., Inc., supra; Pierce v. Allen B. Du Mont Laboratories, Inc., 138 F.Supp. 959 (D.Del.1956); National Equipment Rental, Ltd. v. Fowler, supra; 6A Moore's ¶ 57.08[6].

Upon applying these multiple factors to the case at hand, we believe that the balance of factors favors the granting of a stay of further proceedings herein. A race to the courthouse may appear to be an unseemly contest. But so long as jurisdictional requirements are such as to provide alternative forums, these races must be tolerated as the slag of choice. The suit in the Ohio federal district court was filed first. The scope of the matters already at issue there are at least as broad as the reach of the instant complaint. Additionally, it appears that the Allen Pump Company, a defendant in the first action, could not be joined in this action. Therefore a more binding and complete resolution of the dispute is likely to evolve from the matter as it stands in Ohio.

The simple fact that the fight was first joined in Ohio affects the matter of cost and economy. The conflict there is further advanced, and time and effort invested cannot be withdrawn. Here, the cause has received only initial and narrow consideration. It would be wasteful for the parties to proceed simultaneously in two forums. While it may well be within the power of a federal district court to proceed with the case and enjoin the parties from further action in another federal court, see, e. g., National Equipment Rental Ltd. v. Fowler, supra, such a course, in light of the relative state of the two actions, would serve only to embroil and entangle what is already a potentially complex matter.

Most forceful of plaintiff's contentions is that the major parties in both suits, and the most significant witnesses, reside within easy proximity of this court. This plea of convenience is not without merit. Such considerations, however, are the express concern of 28 U.S.C.A. § 1404(a):

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Such a motion by Hypro, Inc. is presently before the United States District Court in the Northern District of Ohio. That court is certain to give it wise and adequate consideration. The principles and criteria discussed above demand that we do not effectively anticipate the decision of the Ohio district court by proceeding with the same essential issues which are before it.

Therefore, it is ordered that all proceedings in this action be stayed until a final decision, as to transfer of venue or the merits, from which no appeal has been or can be taken, has been rendered in the action pending in the United States District Court, Northern District of Ohio, Eastern Division, entitled Seeger-Wanner Corporation, Plaintiff v. Hypro, Inc. and Edwin E. Allen d/b/a Allen Pump Company, Defendants. Civil Action C68–532.