**SUNBEAM CORPORATION, Plaintiff,**

v.

**FABERGE, INC., Defendant.**

No. 3–70–Civ–28.

United States District Court,
D. Minnesota,
Third Division.

May 22, 1970.

Walther E. Wyss, Chicago, Ill., and Warren A. Sturm, Minneapolis, Minn., for plaintiff.

Richard Whiting, New York City, and Lee Bearmon, Minneapolis, Minn., for defendant.

MEMORANDUM AND ORDER

DEVITT, Chief Judge.

In this declaratory judgment action, filed February 10, 1970, plaintiff seeks a declaration that defendant's patent # 3,267,587 on a portable "hard hat" electric hair dryer, is invalid.

The defendant moves for a stay of the proceedings. It alleges that the validity of the same patent is involved in an infringement action now pending in the United States District Court for the

Eastern District of Wisconsin, Faberge v. Oster, # 68–C–84.

 I have read the files and briefs. Oral argument was entertained. This is an appropriate case for a stay.

The Wisconsin suit has been pending for two years. Pretrial work is almost completed. The case soon will be tried. The validity of the same patent is in issue. The defendant in the Wisconsin suit, John Oster Manufacturing Company, is a wholly-owned subsidiary of plaintiff Sunbeam here with many officers and Directors in common. It strongly appears that Sunbeam controls the Wisconsin litigation. The same counsel represents Oster in Wisconsin and Sunbeam here. The cause of action in the two suits is the same. It may well be, but I do not decide, that Sunbeam will be bound by decision in the Oster case in Wisconsin.

A Court has the power to control its own docket. The Supreme Court has said that—

" * * * The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on the docket with economy of time and effort for itself, for counsel, and for litigants.—" Landis v. No. American Co., 299 U.S. 248, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936).

It doesn't make much sense to have the same issue, involving the same patent, tried by substantially the same parties in two different co-equal courts at the same time. That would be a waste of time and money for all participants.

What is really involved is "forum shopping" by the parties to secure a decision in the federal circuit the record in which in patent validity cases is most favorable to the position of each. Of necessity this occasions a "race to the courthouse." This may be unseemly, but predictable in view of the markedly different attitudes of the members of the several Courts of Appeal toward patent validity.[1] At all events, the Federal courtroom in Wisconsin was reached first by Faberge more than two years ago. In the interest of economy of time and money, further action here, if the need be, should await decision there. See Landis v. No. American Co., *supra,* Hypro, Inc. v. Seeger-Wanner Corp., 292 F.Supp. 342 (D.Minn.1968), Foster Wheeler Corp. v. Aqua-Chem, Inc., 277 F.Supp. 382, 157 U.S.P.Q. 146 (E.D.Pa. 1967), Cessna Aircraft Co. v. Brown, 348 F.2d 689 (10th Cir. 1965), and Pierce v. Allen B. DuMont Laboratories, 138 F.Supp. 959 (D.Del.1956).

All proceedings here are stayed until 10 days after final disposition of Faberge v. Oster, # 68–C–84 now pending in the United States District Court for the Eastern District of Wisconsin, or until further Order of the Court.

---

1. See Woodstream Corp. v. Herter's, Inc., 312 F.Supp. 369 (D.Minn.1970) for an appraisal of the view of the Eighth Circuit Court of Appeals toward patent validity.